UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JUAN CURIEL-SALAZAR

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

ORDER

Cr. No.  2:05-0164  WBS

Civ. No. 2:06-1159  WBS

----oo0oo----

       Defendant Juan Curiel-Salazar has filed a petition for relief pursuant to 28 U.S.C. § 2255.  The United States Attorney has filed his opposition to the petition; and defendant has now filed his reply.

       The sole basis of defendant's petition is that his court appointed counsel, Federal Defender Daniel J. Broderick, rendered ineffective assistance by failing to file notice of appeal on his behalf as directed by defendant.  However, in his written plea agreement defendant expressly waived his right to appeal, with the following language:

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to freely, knowingly and voluntarily give up the right to appeal any aspect of his conviction or sentence.

1
2
3
4

       The defendant also gives up any right he may have to bring a post-conviction attack on any aspect of his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking any aspect of his conviction or sentence.

5 Further, during his Rule 11 colloquy with the court, defendant
6 specifically acknowledged that he understood the agreement and
7 voluntarily agreed to the waiver, as follows:

8
9
10

       THE COURT: In your written plea agreement, you're also giving up your right to appeal from your conviction or your sentence, and you're giving up your right to collaterally attack your conviction or your sentence. Do you understand that?

11        THE DEFENDANT: Yes.

12
13

       THE COURT: Having all that in mind, do you wish to waive all those rights at this time and to enter a plea of guilty?

14        THE DEFENDANT: Yes.

15 Such waivers are enforceable. See <u>United States v. Abarca</u>, 985
16 F.2d 1012 (9th Cir. 1993).

17       Defendant received the full benefit of everything
18 promised in his plea agreement.  His allegation that he
19 requested Mr. Broderick to file notice of appeal on his behalf
20 is disputed in this case.  Nevertheless, even assuming that
21 defendant did make such a request of Mr. Broderick, because
22 defendant had validly waived his right to appeal from his
23 conviction or sentence, it follows that his counsel could not
24 have rendered ineffective assistance by failing to file notice
25 of appeal.  Defendant's petition must accordingly be denied.
26 ///
27 ///
28 ///

1    IT IS THEREFORE ORDERED that defendant's petition for
2 relief pursuant to 28 U.S.C. § 2255 be, and the same hereby is,
3 DENIED.
4 DATED:  July 26, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE